## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CASE NO. 5:16-cv-00014-RLV-DSC

| | | |
|---|---|---|
| JONATHAN BYNUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant's Motion to Dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). (Doc. 9; *see* Doc. 10). Also before the Court are Plaintiff's Motion for Entry of Judgment (Doc. 13); Plaintiff's Motion to Compel, Motion for Prima Facie Evidence, Motion to Proceed as a Veteran, and Motion for Protective Order (Doc. 17); Plaintiff's Notice of Condemnation (Doc. 18); Plaintiff's Motion to Proceed in Forma Pauperis as a Veteran, Motion for Fees/Motion for Jury, and Motion for Writ of Assistance (Doc. 19); and Plaintiff's Motion for Hearing and Motion for Leave to Proceed as a Veteran (Doc. 20). On July 21, 2016, this Court issued an Order giving Plaintiff fourteen (14) days to respond to Defendant's Motion to Dismiss. (Doc. 11). The time for Plaintiff to respond having elapsed, this matter is ripe for disposition. For the reasons stated below, Defendant's Motion to Dismiss (Doc. 9) is **GRANTED**; Plaintiff's motions (Docs. 13, 17, 18, 19, and 20) are **DENIED**; and Plaintiff's Complaint is **DISMISSED**.

# I.  BACKGROUND

On January 7, 2016, Plaintiff Jonathan Bynum, proceeding *pro se*, filed this action alleging that the Social Security Office in Gastonia, North Carolina, violated his civil rights.[1]  (Doc. 1). Plaintiff specifically alleges three causes of action, all relating to an alleged March 2015[2] denial of his application for Supplemental Security Income ("SSI").  (*See* Doc. 1 at 2; Doc. 10 at 1).  In the first count ("Count One"), entitled "Discrimination," Plaintiff alleges that his SSI application may have been denied out of prejudice against his "interest, age, and race."  (Doc. 1 at 3).  The second count ("Count Two"), entitled "Procedural Due Process," alleges that "defendant appears to be claim jumping plaintiff."  (*Id.*).  The third count ("Count Three"), entitled "Civil death," alleges that Plaintiff's "civil rights are deprived" by a "conviction leaving plaintiff with civil disabilitys [sic]."  (*Id.* at 4).  Plaintiff asserted federal jurisdiction under 42 U.S.C. §§ 1983 and 1985.  (*Id.* at 1).

Plaintiff alleges injury of "expenses [a]nd time lost" as a result of "[l]ots of trip [sic] and hours waiting in waiting room at SSA [the Social Security Administration office]."  (*Id.* at 3). Plaintiff's request for relief entails damages for "forfeiture of a social security benifit [sic] and delay since 1995," specifically enumerated as "special damages liquidation damages, award $200,000" as well as "$20,000,000, ad [d]amnum."  (*Id.* at 6).

Along with the Complaint, Plaintiff filed an "Appendix" including portions of the fact sheet from the Social Security Administration ("SSA") displaying how the SSA calculated Plaintiff's ineligibility for SSI in November 2009.[3]  (Doc. 1-1).  According to the SSA fact sheet, Plaintiff's

---

[1] The Commissioner of the Social Security Administration was substituted as Defendant in this action.  (*See* Doc. 3).

[2] Plaintiff's Appendix, filed with his Complaint, references two denials: one in 2009 and a second in 2015.  (Doc. 1-1).  Both will be discussed.

[3] Plaintiff alleges that his applications for SSI benefits were denied in 2009 and again in March 2015.  (*See* Doc. 1; Doc. 1-1).  However, Defendant's Memorandum in Support of the Motion to Dismiss (Doc. 10) and Declaration of Kathie Hart (Doc. 10-1), the Chief of Court Case Preparation for Branch 2 of the Office of Appellate Operations for the Social Security Administration, make no reference to any 2015 application.  Per Defendant, there is only a record

total social security benefits for December 2009 other than SSI were $713.00. (*Id.* at 4). Subtracting $20.00 as required, the remaining $693.00 exceeded the $674.00 monthly total towards which SSI funds could be paid. (*Id.*). However, Plaintiff alleged that he only made $20 per month in social security income,[4] and thus, his ineligibility determination constituted discrimination on the basis of race.[5] (*Id.* at 1). Plaintiff closes the Appendix requesting an "abuse of discretion" review of a judge's decision to deny SSI benefits as well as "retroactive SSI payment since 1995 or amount of $30,000.00" to be expedited due to "homelessness, hardship, [and] malicious prosecution . . . ." (*Id.* at 5).

In addition to the Complaint and Appendix, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP"). (Doc. 2). Notably, Plaintiff's application for IFP did not contradict the Defendant's Appendix statements regarding Plaintiff's income for disability. (*Id.*). This Court granted Plaintiff's Motion to Proceed IFP by Order filed March 24, 2016. (Doc. 3).

Defendant was served with the pleadings on April 14, 2016. (Doc. 7.) On June 13, 2016, Defendant filed a timely Motion to Dismiss (Doc. 9) and accompanying Memorandum in Support of Motion to Dismiss ("Memorandum") (Doc. 10). Defendant also filed a Declaration of Kathie Hartt (Doc. 10-1), the Chief of Court Case Preparation for Branch 2 of the Office of Appellate Operations for the Social Security Administration, on the same day.

On July 21, 2016, this Court filed an Order advising Plaintiff that he had an opportunity to respond to Defendant's Motion to Dismiss within fourteen (14) days, and the Order was sent to Plaintiff by U.S. Mail. (Doc. 11). The Order specifically warned Plaintiff that his action may be

---

of Plaintiff's application for SSI being denied in November 2009 and Plaintiff's subsequent request for reconsideration being denied in May 2010. (Doc. 10-1 at 2–3). The Court will, *arguendo*, assume that some form of contact between the parties occurred as alleged in 2015.

[4] The amount of $20 is presumed as Plaintiff asserts he made only "@) dollars" which would occur if the shift key was pressed when entering "20."

[5] Plaintiff does not appear to allege what race he may belong to in any of the pleadings. (*See* Doc. 1; Doc. 1-1).

dismissed if he did not appropriately address the Motion to Dismiss. (*Id.*). Plaintiff did not file a timely response. Instead, on October 20, 2016, Plaintiff filed a "Notice/Memorandum" certifying service of "Non-Injunction Bonds, Duty to Supplement services and filing, Content of Initial Disclosure" upon the U.S. Attorney on October 6, 2016. The Notice/Memorandum also alleges service on the Clerk of this Court. (Doc. 12). None of the documents allegedly served on the U.S. Attorney's Office were filed along with the Notice. (*See id.*). Further, none of the titles appear to address the Defendant's Motion to Dismiss. Even if this Court assumes *arguendo* that the documents were in some way an attempt to respond—albeit untimely by two months—none of the documents were submitted to the Court for consideration.

Plaintiff subsequently filed various motions, none of which responded to the Motion to Dismiss. In light of the Court's decision to dismiss this action, Plaintiff's motions may be deemed moot. The Court will, however, review each motion in turn to ensure that none of Plaintiff's motions might affect the Court's ruling on the Motion to Dismiss.

## II.     STANDARDS OF REVIEW

Defendant moves for dismissal pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure and, alternatively, on statute of limitations grounds.

### A.     Rule 12(b)(1) Standard

When a motion to dismiss raises the defense of sovereign immunity and the United States has not waived sovereign immunity, the motion is properly treated as one arising under Fed. R. Civ. P. 12(b)(1). *Anderson v. United States*, 669 F.3d 161, 164 (4th Cir. 2011) (citing *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995)). This is a threshold issue which a court must address before considering the merits of a case. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999).

A court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the undisputed facts plus the court's resolution of disputed facts. *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). A motion to dismiss for lack of subject matter jurisdiction can either consist of a "facial" challenge or a "factual" challenge. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). First, the defendant can contend that the complaint simply fails to allege facts upon which subject matter jurisdiction can be based. In that situation, the facts alleged in the complaint are taken to be true and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction. *Id.*; *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) (when defendant contends that the complaint "fails to allege facts upon which subject matter jurisdiction can be based . . . all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration.")

In the alternative, a defendant can contend that jurisdictional allegations in the complaint are not true. *Kerns*, 585 F.3d at 192. When a challenge is raised to the factual basis of subject matter jurisdiction, the burden of proving jurisdiction is on the plaintiff. The court is to regard the allegations as mere evidence on the issue and may consider evidence outside the pleading without converting the proceeding to one for summary judgment. The moving party should prevail "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

B.     Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a claim based upon a plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In evaluating a motion to dismiss, a court must construe the complaint's factual allegations "in the light most favorable to the plaintiff" and "must accept as true all well-pleaded allegations." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).  A court, however, "'need not accept the legal conclusions drawn from the facts,'" nor "'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)).

While Fed. R. Civ. P. 8(a)(2) does not require "detailed factual allegations," a complaint must offer more than "naked assertion[s]" and unadorned "labels and conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In order to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the facts alleged must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  Requiring plausibility "does not impose a probability requirement at the pleading stage" *id.* at 556, but does demand more than "a sheer possibility that a defendant has acted unlawfully," *Iqbal*, 556 U.S. at 678.  Ultimately, a claim is facially plausible when the factual content allows for the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

In applying this standard, the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S.

89, 94 (2007) (internal citations and quotation marks omitted). However, the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions[.]" *Giarratano*, 521 F.3d at 304 n.5 (internal quotation marks omitted); *accord Atherton v. Dist. of Columbia Off. of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting *Erickson*, 551 U.S. at 94; *Iqbal*, 556 U.S. at 679)). The rules governing the generous construction of *pro se* pleadings "do[] not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Ashby v. City of Charlotte*, 121 F. Supp. 3d 560, 562 (W.D.N.C. 2015) (internal quotation marks omitted).

## III.   ANALYSIS

### A.   Arguments of the Parties

Defendant's Memorandum asserts that, to the extent Plaintiff's Complaint could be construed as seeking review of the denial of his SSI application, the Court lacks subject matter jurisdiction to review the claim, as Plaintiff failed to request a hearing or otherwise appeal within 60 days of his notification of denial. (Doc. 10 at 4-5; *see also* Doc. 10-1 at 6–8). Additionally, the denial of Plaintiff's request for reconsideration did not constitute a "final decision of the Commissioner of Social Security made after a hearing" as required for judicial review. (Doc. 10 at 1–2). *See also* 42 U.S.C. §§ 405(g), 1383(c)(3). Thus, Defendant asserts, the Court should dismiss any Social Security claim for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

Turning to the causes of action asserted under 42 U.S.C. §§ 1983 and 1985, Defendant asserts that all claims made pursuant to those statutes should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Doc. 10 at 2–4). As the SSA is a federal agency, and not a

state actor under state law, Defendant asserts that neither federal officers nor agencies can be charged with violations of §§ 1983 or 1985. (Doc. 10 at 2)  Further, Defendant asserts that the Federal Government had not consented to the suit under the Civil Rights Acts, 42 U.S.C. §§ 1981 *et seq.*, and therefore Plaintiff's claims are barred by sovereign immunity. (Doc. 10 at 2–3).  Thus, as Plaintiff's alleged violation of rights all seem to stem from the denial of SSI benefits, Defendant asserts that even the most liberal construction of the allegations fails to state any causes of action that could survive dismissal under Fed. R. Civ. P. 12(b)(6). (Doc. 10 at 3).

Alternatively, Defendant asserts that even if this Court does not dismiss the Complaint pursuant to Rule 12(b)(1) or Rule 12(b)(6), the suit should be dismissed as untimely. (Doc. 10 at 5–6).  Defendant argues that all of Plaintiff's claims arise from the denial of his application for SSI, and any civil action challenging the decision of the Commissioner of Social Security must be brought within 60 days of notification. (Doc. 10 at 6–7); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3).  Thus, Defendant asserts that even if this Court considered the May 20, 2010, denial of reconsideration to be a final, reviewable decision of the Commissioner, Plaintiff's Complaint was filed over six years later and should thus be barred by the statute of limitations.

Plaintiff, despite Court-provided notice of the potential consequences of not responding to the Motion to Dismiss, has failed to do so.  The Court has reviewed Plaintiff's later-filed motions and finds none of them address the arguments made by Defendant in support of her Motion to Dismiss.

B.    <u>Motion to Dismiss Analysis</u>

The Court will consider each of Plaintiff's three causes of action in light of the Motion to Dismiss.  Because *pro se* Plaintiff's Complaint may also be construed as seeking review of the

denial of his claim for SSI, the Court will first address the implication of Plaintiff seeking that relief.

i.    *Complaint Construed as Seeking Review of Social Security Denial*

The Complaint may be construed as a challenge to the Social Security Administration's denial of SSI benefits to Plaintiff.  Plaintiff describes the nature of the case as follows: "To provide relief and to compel compliance with court order, for SSI benefits dating back to 1995."  (Doc. 1 at 2).  Plaintiff's factual allegations and causes of action appear to arise out of his not receiving SSI.  For the reasons set out below, however, the Complaint does not provide the Court a mechanism to review denial of Plaintiff's SSI claims.

Plaintiff asserts two denials of his claim for SSI.  The Appendix to the Complaint states that "[t]he Social Security Administration in 20[0]9 and again in March 2015 denied my (ssi) disability benefits, reason too much income."  (Doc. 1-1 at 1).  For the reasons that follow, this Court concludes that it does not have subject matter jurisdiction to the extent the denials do not constitute final decisions of the Commissioner or, if one or both denials constitutes final agency action, that Plaintiffs claims are barred by the statute of limitations.

A district court's subject matter jurisdiction to review a denial of an SSI claim is limited. The general federal question jurisdiction statute, 28 U.S.C. § 1331, does not establish subject matter jurisdiction for an action challenging the decision of the Commissioner.  42 U.S.C. § 405(h).[6]  Nor may a challenge be made under the Federal Tort Claims Act.  42 U.S.C. § 405(h); *Jarrett v. United States*, 874 F.2d 201, 204 (4th Cir. 1989).  The statute which does authorize judicial review, 42 U.S.C. 405(g), provides, in relevant part:

---

[6] The final determination of and SSI claim by the Commissioner of Social Security after a hearing is subject to judicial review as provided in § 405(g) to the same extent as the Commissioner's final determination under that section.  42 U.S.C. § 1383(c)(3).

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g); *see* 42 U.S.C. § 1383(c)(3) (applying § 405(g) to SSI determinations). Thus, an individual must exhaust administrative remedies before he may challenge a Social Security Administration benefits decision in federal court. *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976); *see Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975) (stating that a final decision is "central to the requisite grant of subject matter jurisdiction"). "This provision clearly limits judicial review to a particular type of agency action, 'a final decision of the [Commissioner] made after a hearing.'" *Califano v. Sanders*, 430 U.S. 99, 108 (1977); *Heckler v. Ringer*, 466 U.S. 602, 617 (1984) (holding "§ 405(g) with its administrative exhaustion prerequisite provides the sole avenue for judicial review").[7]

A claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision: (1) an initial determination; (2) reconsideration if benefits are denied; (3) a hearing before an administrative law judge ("ALJ") if benefits are denied on reconsideration; and (4) review by the Appeals Council if benefits are not awarded by the ALJ. 20 C.F.R. §§ 416.1400 *et seq.* If a claimant does not pursue each step in the administrative process, the last determination becomes binding. Unless the final determination is by the Appeals Council (either through review or denial of review), no judicial review is available. *Hill v. Colvin*, 2016 WL

---

[7] Courts, however, maintain jurisdiction over requests for a writ of mandamus if the plaintiff establishes that the administrative process normally available is not accessible because the agency fails or refuses to act. *United States ex rel. Rahman v. Oncology Assoc., P.C.*, 198 F.3d 502, 515 (4th Cir. 1999). Although Plaintiff references that Defendant appeared to be "procrastinating" (Doc. 1 at 2), he also claims that Defendant in fact denied his claims. His reference to procrastination appears directed at failure to pay him SSI rather than a delay in the process by which a decision is made. Further, the information provided with the Declaration (Doc. 10-1) demonstrates no procrastination on the part of Defendant warranting a writ of mandamus. The Court, therefore, finds that the requested relief cannot be construed as including a writ of mandamus.

727177, at *6 (M.D.N.C. Feb. 23, 2016); *Monk v. Astrue*, 2007 WL 2693181, at *2 (W.D. Va. Sept. 12, 2007), *aff'd*, 259 F. App'x 583 (4th Cir. 2007) (unpublished per curiam).  "The [Social Security] Act and regulations thus create an orderly administrative mechanism, with district court review of the final decision of the [Commissioner]."  *Sanders*, 430 U.S. at 102.

Plaintiff has not alleged that either the 2009 or alleged March 2015 denials exhausted his administrative remedies.  Nor has he taken the opportunity to address Defendant's argument in that regard.  Plaintiff alleges that SSI was denied him in 2009.  This allegation is in accord with Social Security Administration records which show an initial denial in 2009 with a denial on reconsideration in 2010.  By Declaration, the SSA's Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations provided documentation demonstrating that (1) Plaintiff filed an application for SSI on November 18, 2009, (2) the claim was denied on November 25, 2009, due to Plaintiff's excess income, (3) on December 4, 2009, Plaintiff timely requested reconsideration, and (4) Plaintiff was sent a notice again denying the claim on reconsideration due to excess income on May 20, 2010.  (Doc. 10-1 at 2-15).  The grounds for denial are consistent with information provided in the Appendix to the Complaint.  (*See* Doc. 1-1 at 4).

From the Declaration, Defendant argues that the most recent administrative action in Plaintiff's case was the Commissioner's May 20, 2010 Notice of Reconsideration and that Plaintiff did not timely ask for, nor receive, an administrative hearing.  No ALJ issued a decision nor did Plaintiff request or receive any review or other notice from the Appeals Council.  As a result, Defendant, concludes, Plaintiff does not have a judicially reviewable "final decision," requiring dismissal under Fed. R. Civ. P. 12(b)(6) or for lack of subject matter jurisdiction.  (Doc. 10 at 5). Plaintiff has not challenged the Declaration or the accuracy of the documents attached.[8]

_____

[8] If the Court considers the Declaration and documents with respect to Defendant's Rule 12(b)(6) motion, it must treat the motion as one for summary judgment.  Fed. R. Civ. P. 12(d).  The Court limits its review to Defendant's Rule

The facts in the Complaint concerning the denial of his claims for SSI are unclear but provide no indication that Plaintiff exhausted his administrative remedies, either in 2010 or 2015. Nor has Plaintiff taken the opportunity to dispute evidence presented by the Social Security Administration. That evidence is that Plaintiff did not proceed past the Commissioner's May 20, 2010 Notice of Reconsideration and thus did not reach the third step of the four-step administrative process, let alone the fourth step. Further, Plaintiff fails to address whether the alleged March 2015 denial of SSI was a final decision and allege that he exhausted his administrative remedies. Although there may have been some contact between Plaintiff and the Social Security Office in Gastonia, Plaintiff has not challenged or even questioned the evidence submitted by Defendant. The Court finds, based on the record, that Plaintiff did not exhaust his administrative remedies either with respect to the 2010 denial nor with respect to the alleged March 2015 denial and thus there is no subject matter jurisdiction over his SSI claims.[9] Thus, the Court lacks subject matter jurisdiction to consider Plaintiff's claims to the extent they arise under the Social Security Act.

Even if the 2010 denial on reconsideration could be considered a final decision, it would run afoul of the 60-day period in which to file an action in district court. 42 U.S.C. § 405(g). The 60-day period is properly construed as a statute of limitations rather than a jurisdictional

---

12(b)(1) motion. Other courts in the Fourth Circuit have considered similar declarations by the same declarant in this case in granting the Commissioner's motions to dismiss for lack of subject matter jurisdiction. *E.g.*, *Hill v. Colvin*, 2016 WL 727117 (M.D.N.C. Feb. 23, 2016); *Rumph v. Colvin*, 2015 WL 12940225 (D.S.C. Sept. 3, 2015) (M.J.), *report and recommendation adopted*, 2017 WL 122009 (D.S.C. Jan. 11, 2017); *Manley v. Colvin*, 2015 WL 9952720 (D.S.C. Sept. 8, 2015) (M.J.), *report and commendation adopted*, 2016 WL 398176 (D.S.C. Feb. 2, 2016); *Loughry v. Colvin*, 2015 WL 11023436 (D. Md. Jan. 21, 2015) (M.J.), *aff'd*, 612 F. App'x 696 (4th Cir. 2015), *cert. denied*, 136 S. Ct. 1722 (2016).

[9] In some cases, a constitutional challenge may excuse the exhaustion requirement. Here, although Plaintiff raises civil rights claims, he does not challenge the constitutionality of any provision of the Social Security Act or regulations. *See, e.g.*, Salfi, 422 U.S. at 760-62 (constitutional challenge to a statutory limitation); *see also* 20 C.F.R. § 416.1400(a) (permitting expedited access to district court when claimant believes "a part of the law is unconstitutional"). A plaintiff who references constitutional principles such as "due process" and the like to seek recovery of his or her own benefits is not challenging any part of the Act as unconstitutional and, thus, does not come under the exception for a constitutional challenge to the Act. *Chong Su Yi v. Social Sec. Admin.*, 80 F. Supp. 3d 666, 671 (D. Md. 2015).

requirement.  *See Bowen v. City of New York,* 476 U.S. 467, 476 (1986).  Plaintiff's Complaint

was filed on January 7, 2016, well past—over six year's past—the 60-day statute of limitations to

attempt to bring a challenge under the Social Security Act.  *See* U.S.C. §§ 405(g), 1383(c)(3).  (*See*

*also* Doc. 1).  Plaintiff has alleged no grounds for equitable tolling (either in the Complaint or in

response to Defendant's Motion to Dismiss) and the Court perceives none.  Plaintiff also claims a

second denial was made in or around March 2015.  There is no evidence for this in the record but

assuming a final decision was made, and given Plaintiff's admitted awareness of the alleged denial

as expressed in the Complaint, it would appear that the Complaint was filed well over 60 days

(indeed, over one-half year) after that determination.  In any event, as the Court has concluded that

there was no final decision in 2015 as required by § 405(g), to the extent a denial occurred in or

around March 2015, the denial is not properly before the Court.

 For the foregoing reasons, to the extent the Complaint can be construed as seeking review

of the Social Security Administration's denial of Plaintiff's SSI claims, it is **DISMISSED**.

> ii.    *Count One*

Plaintiff asserts a discrimination claim under Count One of his Complaint.  Specifically,

Plaintiff alleges that "Denial for benefit [sic] may be prejudice[,] detriment to plaintiff interest,

age, and race." (Doc. 1 at 3).  Defendant moves for a dismissal under Fed. R. Civ. P. 12(b)(6) for

failure to state a claim under 42 U.S.C. §§ 1983 and 1985.  (Doc. 9; Doc. 10 at 2-4).  The Court

finds that Plaintiff has failed to state a claim pursuant to those sections and that dismissal is

appropriate.  The Court will consider Counts Two and Three separately.

Plaintiff's Count One claims that Defendant denied his application for SSI on the basis of

Plaintiff's "interest, age, and race." (Doc. 1 at 3).  Plaintiff has not plead what his interest at issue

is, what his age is, or what his race is, nor has he identified how those characteristics were

considered by any representative of the SSA, if they were at all. As discussed below, Count One fails to state a claim under either 42 U.S.C. § 1983 or § 1985.

In addition to asserting that jurisdiction is proper pursuant to 42 U.S.C. § 1983, Plaintiff asserts that Defendant acted under color of state law because "defendant appeared to be procrastinating as benefits of SSI are invalid for the reason of age and color" and "defendant on or around 3-15 denied plaintiff application after reconsideration application violating plaintiff civil rights." (Doc. 1 at 1-2). Section 1983, however, applies only to a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia," acts to deprive a person of his or her rights under the United States Constitution and laws. Section 1983 on its face does not create a cause of action against the United States, its agencies, or its officers acting in their official capacity because they are not acting under color of state law. *District of Columbia v. Carter*, 409 U.S. 418, 424–25 (1973) (actions of the Federal Government and its officers are at least are facially exempt from the proscriptions of 42 U.S.C. § 1983); *see Askew v. Bloemker*, 548 F.2d 673, 677 (7th Cir. 1976) ("No claim lies under § 1983, however, for actions taken under color of federal law."). *Cf. Unimex, Inc. v. U.S. Dep't of Housing and Urban Dev.*, 594 F.2d 1060, 1061 (5th Cir. 1979) (holding that claims under 42 U.S.C. §§ 1981, 1982 and 1986 against a U.S. government agency are "barred by sovereign immunity because the United States has not consented to suit under the civil rights statutes").

To the extent Defendant was acting under color of law, Defendant was acting on Plaintiff's application for Social Security benefits, a Federal program. To that end, though Plaintiff has pled alleged violations of his civil rights under color of state law, he points to no acts taken by Defendant that could remotely be construed as having been taken under color of state law. Nor would acts under color of state law be expected in the determination of an SSI claim. Defendant

has not alleged any facts that could conceivably state a claim to relief that is plausible on its face for an action under § 1983. *Twombly*, 550 U.S. at 555, 570. Nor can he do so under the circumstances of this case. Thus, 42 U.S.C. § 1983 provides Plaintiff with no ground to assert his cause of action in Count One.

Turning to 42 U.S.C. § 1985, that statute applies only to certain conspiracies, including conspiracies to deny a person certain rights. *See* 42 U.S.C. § 1985. Section 1985(3) provides, in relevant part, that "[i]f two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons the equal protection of the laws, or of equal privileges and immunities under the laws," the injured party "may have an action for the recovery of damages occasioned by such injury or deprivation." To state a claim under § 1985(3), a plaintiff must allege (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment or rights secured by the law to all, (4) which results in injury to the plaintiff as (5) a consequence of an overt act committed by defendants in connection with the conspiracy. *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995) (citations omitted).[10]

In this case, Plaintiff alleges no conspiracy of two or more persons. Indeed, his Complaint was brought solely against the "Social Security Office" (with the Commissioner later substituted as Defendant). Further, Plaintiff's factual allegations provide no support for a claim under Section 1985 even under the leeway given to *pro se* litigations. (*See* Doc. 1). A plaintiff alleging unlawful intent in a conspiracy claim under § 1985(3) must "plead specific facts in a nonconclusory fashion to survive a motion to dismiss." *Gooden v. Howard Cnty.*, 954 F.2d 960, 970 (4th Cir. 1992). Plaintiff's assertion in Count One that denial of SSI "may be prejudice," without more, falls far

---

[10] Subsections (1) and (2) of § 1985 clearly do not apply in this case and need not be addressed.

short of the requirements of Rule 12(b)(6), *Iqbal*, and *Twomby*. *See Melvin v. Social Security Administration*, 126 F. Supp. 3d 584, 609-11 (E.D.N.C. 2015) ("a plaintiff cannot simply identify himself as an African American and describe defendant's conduct as 'race hate abuse' to state a claim under § 1985(3)"), *aff'd*, 2017 WL 1506644 (4th Cir. Apr. 27, 2017) (unpublished per curiam). Plaintiff references "age" as well as "color" (Doc. 1 at 2) but makes no allegations regarding a violation of his rights because of his age either under color of state law or by a conspiracy or otherwise. As is the case with respect to § 1983, Defendant has not alleged any facts that could conceivably state a claim to relief that is plausible on its face pursuant to § 1985. *Twombly*, 550 U.S. at 555, 570.

In light of the foregoing discussion, it is clear that Plaintiff fails to state a claim for which relief can be granted under either § 1983 or § 1985 with respect to Count One. This same conclusion applies to Count Two (claim jumping) and Claim Three (civil death) as Plaintiff asserts no act under color of state law nor the existence of a conspiracy with regard to those counts.[11] The Complaint allegations relating to Count One do not raise a right to relief above the speculative level and "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. Thus, Plaintiff has failed to state a claim under 42 U.S.C. §§ 1983 or 1985 and Count One, therefore, is **DISMISSED**.

### iii.   *Count Two*

Plaintiff's Count Two alleges a violation of his right to "Procedural Due Process," and asserts that "defendant appears to be claim jumping plaintiff." (Doc. 1 at 3). This allegation is legally incomprehensible, as "claim-jumping" refers to either an infringement on the borders of a mining claim or the filing of duplicate claims to exploit flaws within an original claim. *See Claim-*

---

[11] The Court will, however, address Counts Two and Three separately as there are additional grounds to dismiss those causes of action.

*Jumping*, Black's Law Dictionary (10th ed. 2014). Even if this Court were to liberally construe "claim" to mean a legal cause of action, and not a claim for mining rights, Plaintiff is the only party in this suit filing legal claims. Plaintiff alleges no facts supporting a blanket assertion that Defendant (or anyone else) is jumping a claim belonging to Plaintiff. As no cause of action can exist for "claim-jumping" under the circumstances of this case, there would be no purpose in granting Plaintiff leave to amend his Complaint to clarify what he means by "claim jumping." Further, Count Two is not based on any alleged act under color of state law or an alleged conspiracy. Therefore, Plaintiff's Count Two fails to state a claim for which relief can be granted and is **DISMISSED WITH PREJUDICE**.

### iv. *Count Three*

Plaintiff's Count Three alleges "[c]ivil death" as a cause of action. (Doc. 1 at 4). No such cause of action exists here. To the extent that the claim might be construed as a claim for wrongful death, Plaintiff's filing of his Complaint demonstrates that he has not died and the claim does not identify any third party who has died. (*See id.*). To the extent that allegations in Count Three, scant as they may be, allow the Court to perceive a claim for civil rights violations under *Bivens*,[12] a civil rights action under *Bivens* can neither be brought against Defendant as a federal official acting in her official capacity nor against the SSA. *Goforth v. United States*, 2015 WL 4878381, at *2 (S.D.W. Va. Aug. 14, 2015) (citing *FDIC v. Meyer*, 510 U.S. 471, 484–85 (1994)).

Plaintiff apparently is referring to statutes in certain states which "deem civilly dead" persons sentenced to life imprisonment, or suspend all civil rights and powers of persons sentenced to lesser terms. *See Doe v. Webster*, 606 F.2d 1226, 1234 n.26 (D.C. Cir. 1979). Plaintiff has not alleged that he is prohibited from seeking Social Security benefits and the record suggests no such

---

[12] Plaintiff initially brought this action against the "Social Security Office," making clear he did not intend a *Bivens* action against the Commissioner in any capacity.

limitation. The record, including the Appendix to the Complaint, reflects a denial of SSI solely due to Plaintiff's income.

Accordingly, it is apparent that any amendment to Plaintiff's Complaint could not salvage Count Three. Further, Count Three is not based on any alleged act under color of state law or an alleged conspiracy. Therefore, Count Three is **DISMISSED WITH PREJUDICE**.

C.     Disposition of Plaintiff's Motions

Five of Plaintiff's motions are pending. (Docs. 13, 17, 18, 19, 20). Two motions contain multiple motions. (Docs. 17, 19). The Court will consider each motion in turn.

i.     *Motion for Judgment (Doc. 13)*

On December 5, 2016, Plaintiff filed a Motion for Judgment based on the assertion that "defendants have not answered Plaintiff's Complaint." (Doc. 13). "When a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend*, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added). Although Defendant did not file an answer to Plaintiff's Complaint, Defendant's Motion to Dismiss is a responsive pleading that raises a defense to Plaintiff's civil action. *See* Fed. R. Civ. P. 12(a)(4), (b). Defendant need not file an answer until the Court rules on the Motion to Dismiss. Furthermore, where the party against whom a plaintiff seeks a default judgment is the United States, or an agency or officer of the United States, default judgment is only appropriate "if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d). Plaintiff has not satisfied Fed. R. Civ. P. 55(d)'s requirement for an entry of default judgment. Therefore, Plaintiff's Motion for Entry of Judgment (Doc. 13) is **DENIED**.

ii.     *Motion to Compel, etc. (Doc. 17)*

On December 21, 2016, Plaintiff filed a one-page Motion to Compel, Motion for Prima Facie Evidence (Complaint), Motion to Proceed as a Veteran,[13] and Motion for Protective Order. (Doc. 17).   While this Motion bore many titles, it essentially only asked this Court to compel judgment for Plaintiff in the amount of $325,000, compel the disclosure of evidence supporting his claim, and simultaneously compel a settlement in the amount of $75,000 separate from the judgment.   Plaintiff provides no authority, facts, or argument in support of this Motion.   The one-page Motion does not state with any particularity the grounds for the motion(s), or the relief sought. *See* Local Rule 7.1(A).   Nor has Plaintiff included a brief in support of his motion(s).   *See* Local Rule 7.1(C).

Even viewing *pro se* Plaintiff's filing in the light most favorable to him, the motion is conclusory and fails to adequately describe or support any claim for relief that the Court can consider.   Given the foregoing observations, as well as the Court's decision to dismiss, Plaintiff's Motion to Compel, Motion for Prima Facie Evidence (Complaint), Motion to Proceed as a Veteran, and Motion for Protective Order (Doc. 17) is **DENIED**.

iii.     *Notice of Condemnation (Doc. 18)*

On February 23, 2017, Plaintiff filed a "Notice: Condemnation" claiming that "[t]his is an action of a civil nature brought by the United States of America for the taking of compensation to the owners and parties in interest," and demanding "judgment that the property be condemned and that just compensation for the taking be ascertained and awarded."   (Doc. 18.).   This language appears to echo the U.S. Attorney's Manual for filing a Complaint in Condemnation *on behalf of* the Federal Government.   *See* 24. Complaint in Condemnation, Env't and Natural Res. Div., U.S.

---

[13] Given that Plaintiff was permitted to proceed *in Forma Pauperis* by Order of this Court (Doc. 3), Plaintiff's Motion to Proceed as a Veteran is moot.

Attorneys' Manual, https://www.justice.gov/usam/enrd-resource-manual-24-complaint-condemnation (last visited Aug. 18, 2017). Clearly, Plaintiff is not bringing a condemnation action on behalf of the Federal Government, but construed liberally, the Notice could be taken as a motion for inverse condemnation wherein Plaintiff is seeking compensation from the Federal Government. *See Condemnation*, <u>Black's Law Dictionary</u> (10th ed. 2014).

As with the Motion to Compel (Doc. 17), this one-page Motion does not state with any particularity the grounds for the motion(s), or the relief sought. *See* Local Rule 7.1(A). Nor has Plaintiff included a brief in support of his motion(s). *See* Local Rule 7.1(C).

Even viewing *pro se* Plaintiff's filing in the light most favorable to him, the motion is conclusory and fails to adequately describe or support any claim for relief that the Court can consider. In addition to using language in support of a Government's condemnation proceeding, the Motion states: "The property to be taken (here set for [sic] the description of the property sufficient for its identification." (Doc 18). The Motion fails to identify the property. In light of these observations, as well as the Court's decision to dismiss, Plaintiff's Notice: Condemnation (Doc. 17), to the extent that it can be construed as a motion, is **DENIED**.

iv.     *Motion to Proceed in Forma Pauperis as a Veteran, etc. (Doc. 19)*

Also filed on February 23, 2017, was Plaintiff's Motion to Proceed *in Forma Pauperis* as a Veteran, Motion for Fees/Motion for Jury, and Motion for Writ of Assistance. (Doc. 19). This Motion asserts that Defendant admitted the allegations "stated on page 6 paragraph 3 of memorandum of the Complaint" and Plaintiff "has demanded the payment of such deposit to him by virtue of an assignment and request [sic] jury." (*Id.*). Plaintiff then requests this Court to "order the Defendant and Social Security [Administration] to interplead their respective claims, interest," enter judgment for plaintiff in the amount of $100,000 as well as $6,000 in paralegal fees, and

order "submission of periodic reports, under most fee shifting statutes, applying current rates interest adjustment FRCP 23 Fees Request $10,000." (*Id.*). The reference to page 6, paragraph 3 of the Complaint, appears to refer to a prayer for relief in the amount of $20,000,000. (Doc. 1 at 6).

While Plaintiff's Motion only mentions proceeding *in Forma Pauperis* as a Veteran in the caption, that motion can be dismissed as moot. Plaintiff was already granted permission to proceed IFP by Order of this Court. (Doc. 3). Also, insofar as Plaintiff has requested paralegal fees, Plaintiff's previous motion for paralegal fees (Doc. 14) was denied by this Court on December 12, 2016. (Doc. 15). This second motion for paralegal fees fails, as did the first motion, to cite any case law, statute, Federal Rule of Civil Procedure, or Local Rule requiring the appointment of a paralegal or payment of paralegal fees in a civil case such as the one brought by Plaintiff. *See In re Crescent City Estates, LLC*, 588 F.3d 822, 825-26 (4th Cir. 2009) (under the American Rule, absent a statute permitting recovery of legal fees and litigation costs, each party bears his or her own fees and costs).

Other than the caption, Plaintiff's Motion makes no requests pertaining to a writ of assistance. The remaining requests in Plaintiff's February 23, 2017 Motion—judgment for Plaintiff in the amount of $100,000, submission of "periodic reports," and $10,000 interest—all must be denied in light of the Court's decision to dismiss. Therefore, Plaintiff's Motion to Proceed *in Forma Pauperis* as a Veteran, Motion for Fees/Motion for Jury, and Motion for Writ of Assistance is **DENIED**.

> v. *Motion for Hearing and Motion for Leave to Proceed as a Veteran*

Finally, Plaintiff filed a "Motion for hearing at 9:30 AM on Monday September 4, 2017" as well as another motion seeking leave to proceed as a veteran ("Motion for Hearing and Motion

for Leave to Proceed as a Veteran"). (Doc. 20). The motion to proceed as a veteran will be denied for the same reasons given above with respect to similar motions. Plaintiff provides no grounds for the hearing or suggestion of what issues he wishes to have heard. The Court determines that all pending motions may be resolved without the need for a hearing. As this Order resolves all pending motions, Plaintiff's Motion for Hearing and Motion for Leave to Proceed as a Veteran (Doc. 20) is **DENIED**.

## IV.    DECRETAL

**IT IS, THEREFORE, ORDERED THAT:**

(1)    Defendant's Motion to Dismiss (Doc. 9) is **GRANTED**;

(2)    Plaintiff's Motion for Entry of Judgment (Doc. 13) is **DENIED**;

(3)    Plaintiff's Motion to Compel, Motion for Prima Facie Evidence, Motion to Proceed as a Veteran, and Motion for Protective Order (Doc. 17) is **DENIED**;

(4)    Plaintiff's Notice of Condemnation, construed by the Court as a motion, (Doc. 18) is **DENIED**;

(5)    Plaintiff's Motion to Proceed *in Forma Pauperis* as a Veteran, Motion for Fees/Motion for Jury, and Motion for Writ of Assistance (Doc. 19) is **DENIED**;

(6)    Plaintiff's Motion for Hearing and Motion for Leave to Proceed as a Veteran (Doc. 20) is **DENIED**;

(7)    The Clerk of Court shall mail this Order to Defendant at both his address of record as well as to the address given in Plaintiff's July 14, 2017 filing (Doc. 20 at 1); and

(8)    Plaintiff's Complaint is **DISMISSED** as specified within this Order and the Clerk of Court is **DIRECTED** to remove the case from the Court's docket.

Signed: August 24, 2017

Richard L. Voorhees
United States District Judge